```
              IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION

UNITED STATES OF AMERICA    )
                            )     Criminal File No.
V.                          )
                            )     15 CR 082 TCB LTW
ANGELA WILLIAMS             )
_____)
```

**DEFENDANT ANGELA WILLIAMS' MOTION TO SUPPRESS
PHONE AND CONTENTS OF CAR**

    Angela Williams, by counsel, moves the Court to suppress evidence obtained from the car she drove on November 15, 2013, on the grounds that such contents are the result of a search which was: (a) warrantless; (b) conducted without consent; (c) conducted without probable cause of an offense; and (d) conducted while Ms. Williams was detained without reasonable articulable suspicion. These contents included checks, identification documents, other documents including a list, plus Ms. Williams' cell phone. A brief in support follows.

    On November 15, 2013, Ms. Williams and her husband were sitting inside their rented car in the parking lot of a Wal-Mart in Rankin County, Mississippi. They had not been inside the store. As they were seated in their car in the parking lot, they were approached by an individual who had parked behind them in a white pick-up truck. He pointed a gun at Ms. Williams and stated he was a US Postal Inspector officer, and flashed a badge at her. He said "get out of the [expletive] car." He then had

1

Williams and her husband, Bryan Hightower, get out of the vehicle and stand at the front of it. There he handcuffed the two of them. During this interaction, the officer said to Ms. Williams "you are not the girl," suggesting that he was actually looking for someone else.

Over the course of the next 20 minutes or so, the officer tried to get assistance from local law enforcement, to take Williams and her husband into custody. The first agency (believed to be Madison, MI police) apparently refused. The Postal Inspector officer was overheard arguing with the local agency about whether a crime had actually been committed by Williams and her husband. The Postal Inspector agent was arguing with the local agency about whether there was a criminal act which would justify arrest. At some point the officer remarked "I got a friend in Rankin County."

A Rankin County police officer showed up on the scene, but refused to take Williams and Hightower into custody, saying "I don't want any part of this [expletive]." Then another Rankin County officer showed up, in a different car.

At some point in these proceedings, the Postal Inspector officer conducted a warrantless, unconsented-to search of the car in which Williams and her husband had been traveling. There he found checks, identification documents and what is contended to be a list of identities or check-cashing locations. He also

2

seized a phone from Williams.  Prior to locating these items, there was no apparent cause to detain Williams or to search her car or person, and none discernible from the discovery provided by the government in this case.

There is no indication in the information provided by the government to suggest why the officer would have any suspicion of wrongdoing on the part of Williams, at the time she was accosted in the Wal-Mart parking lot.  This was not a traffic stop, as the car had been parked for at least five minutes, and there is no criminal activity apparent other than what is alleged to have arisen out of the materials seized from the car.  There is nothing in the government's materials to indicate any "articulable suspicion," such as to arguably warrant a Terry detention of Williams.  There can be little question but that Williams and her husband were taken into full custody anyway, such that they were under arrest at least as early as being required to stand at the front of the vehicle and be handcuffed.  In this case there is no sliding scale of suspicion that might be said to have ripened into probable cause.  It appears that the only articulable suspicion would have arisen upon finding the papers in the car, which of course happened after Williams and her husband were detained.  Thus, this case involves a warrantless search, warrantless seizure, and wrongful detention, before any arguable evidence was located.

Ms. Williams requests (a) an evidentiary hearing; and (b) leave to supplement this brief following such hearing.

Submitted this 28th day of September, 2015.

*/s/ Albert Norton, Jr.*
Albert Norton, Jr.
Georgia Bar No. 546760

Norton & Associates, PC
Suite 6304
1000 Peachtree Ind. Blvd.
Suwanee, GA  30024
770 623 3332
anorton@nortonlegal.com

4

```
             IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION
```

UNITED STATES OF AMERICA )
) Criminal File No.
V. )
) 15 CR 082 TCB LTW
ANGELA WILLIAMS )
_____)

**CERTIFICATE OF SERVICE**

    I certify that I served the foregoing motion for continuance by ecf on the 28th day of September, 2015.

                                              */s/ Albert Norton, Jr.*
                                              Albert Norton, Jr.
                                              Georgia Bar No. 546760

Norton & Associates, PC
Suite 6304
1000 Peachtree Ind. Blvd.
Suwanee, GA  30024
770 623 3332
anorton@nortonlegal.com

5