IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
UNITED STATES OF AMERICA     )
                             )     Criminal File No.
V.                           )
                             )     15 CR 082 TCB LTW
ANGELA WILLIAMS              )
_____)
```

## ANGELA WILLIAMS' MOTION FOR IMMEDIATE RELEASE

Ms. Williams seeks relief from unconscionable delay in obtaining pre-trial release.  As demonstrated herein, her pre-trial detention is likely to result in spending more time incarcerated than a sentence would call for, if she were convicted.

Ms. Williams is unquestionably eligible for pre-trial release on signature bond.  And yet, she has been in pre-trial incarceration in this district for almost a year (since May, 2015).  Ms. Williams is in this district on writ *ad prosequendum* to Mississippi.  But Ms. Williams' Mississippi time in prison would have been concluded by now, were it not for this case.  It would have concluded on February 29, 2016, but for her being on the current writ.[1]  Therefore, Ms. Williams has now been in jail for two months purely on the basis of the charges pending in

---

[1] In Mississippi, Ms. Williams was sentenced to 5 years, eligible for parole after 15 months.  In the ordinary course, she would have had a parole hearing in December, 2015, with her release date being 2/29/15.  There is no reason whatsoever to suppose that she would not have been approved for parole.  Her Mississippi offense was uttering a forged instrument; i.e., passing a bad check.  She had no difficulties while incarcerated; no prior history; she was almost 40 years old; and she has had a stable and responsible work and family situation for all of her life.

1

this district.  Again, those charges would not support pre-trial incarceration.

The charges for which Ms. Williams did time in Mississippi, and for which she does excessive time now, are asserted by the government to be a part of the pattern for which she is under indictment in the instant case.  What this means is that her wrongful detention here is not a consequence of unrelated prior criminal conduct on her part.[2]  Her wrongful detention here arises from prior (Mississippi) proceedings relating to the very matters for which she is under indictment in the instant case.

## SUPPRESSION MOTION PROCEDURE

Ms. Williams moved for suppression of certain evidence in this case on September 28, 2015 (228, 229).  To this date (7 months later) no hearing has been conducted on those motions.  In small part that is the result of a motion to continue on Ms. Williams' part, but mostly that is the result of inexplicable delay in pre-trial proceedings in this case.

The procedural outline for that delay is as follows.  By order of October 20, 2015 (259) the suppression hearing was scheduled to occur on December 21, 2015.  The government threatened to withdraw a proposed plea agreement if the suppression hearing went forward, however, so Ms. Williams moved

---

[2] Indeed, other than the Mississippi case, which is part of what she is charged with in the instant case, she has no prior criminal history whatsoever.

2

to continue it on December 16, 2015 (298). That request to continue was granted informally. Ms. Williams' (and counsel's) expectation was that the hearing would be re-set to a date some 30-45 days further on, as is usual in this Court.

It was re-set for March 10, 2016, however; a 3-month extension of time. (311). And then the hearing did not go forward on that date, either. Neither party moved for further continuance, but by order denominated "remark" dated March 7, 2016 (no docket number) the Court continued the hearing again, indicating that "notification by order will go out regarding the new court date." The suppression hearing was then scheduled for May 17, 2016, a date 5 months after the continued date, and 7.5 months after the motion was filed. See order of March 17, 2016 (no docket number).

Thus, at present Ms. Williams is still a month away from the suppression hearing, if it is not rescheduled again. In the usual course of events, that motion would not be resolved for another two months or so after the hearing.[3] So at the point the motion is resolved, best case scenario is that Ms. Williams will have been on writ for approximately 14 months, and would have been incarcerated for approximately 20 months.

---

[3] The normal course of events includes the scheduling of post-hearing briefs following production of a transcript, and then ruling by the court based on the briefs and the hearing.

PRE-TRIAL RELEASE MOTIONS

Initially upon being present locally on writ, Ms. Williams' pre-trial custody situation was not deemed urgent because she was serving time on her Mississippi case, and was not scheduled for release until February 29, 2016.  Because her opportunity to appear before the Mississippi parole board was coming up in December, 2015, Ms. Williams moved this Court (on October 30, 2015 (263)) to grant her bond and cancel the writ, so that she could appear before the parole board.

There was no action on that motion or hearing scheduled prior to the then-scheduled suppression hearing date of December 21, 2015, so Ms. Williams intended (by counsel) to take this pre-trial release motion up with the Magistrate Court at the time of the suppression hearing.  As noted in the preceding section, however, that hearing did not go forward when scheduled.

Following the postponed original hearing date of December 20, 2015, counsel awaited a re-setting of the suppression hearing, and also a ruling (or hearing for purposes of ruling) on the pending motion relating to the writ and bond.  An order was generated on January 28, 2016, re-setting the suppression hearing (311) for March 10, 2016, and making no mention of the motion for bond and cancellation of writ.

As of February 29, 2016 (the date Ms. Williams would have been released on the underlying Mississippi charge) there was still no ruling on the October 30th motion.  By email on that date to the Magistrate Court's scheduling coordinator, counsel for Ms. Williams sought a ruling by requesting a hearing, stating:

> We filed a motion for bond and to cancel the writ (on October 30) so Ms. Williams could go to Mississippi to deal with parole there, and be released on bond here.  We had planned to take up this issue at the time of the suppression hearing, but then consented to continuance of that hearing, and it is now scheduled for March 10th.
>
> We would like to take up the motions for bond and on the writ as soon as possible.  The government may not oppose bond in this case.  The purpose of the motion regarding the writ is to get her to Mississippi because she would likely be released on parole there, but of course she won't be as long as she is here on writ.  All of this is related in the motion.
>
> Could we get the motion for bond and writ (filed October 30) scheduled for hearing as soon as possible?

No hearing was scheduled on this motion, but on the next day, March 1, 2016 (no docket number) an order was entered on it as follows:

> According to Defendant's Motion, she is serving a five year sentence in Mississippi and was brought to this jurisdiction on a writ of habeas corpus ad prosequendum to answer charges pending in this jurisdiction. To grant Defendant's Motion could trigger the Interstate Agreement on Detainers no return requirement. See Alabama v. Bozeman, 533 U.S. 146 (2001).

5

Because it is Ms. Williams making the request, the anti-shuttling provisions would be waived, Ms. Williams contends, but in any event the Interstate Agreement on Detainers would not apply because Mississippi is not a signatory state.  In addition, Ms. Williams submits, further detention in this situation is improper regardless of the consequences of returning her to Mississippi so she can close out that sentence.  Because the Court's order was explicitly premised on the IADA, Ms. Williams (by counsel) requested reconsideration on that basis on March 16, 2016 (334).  That request remains pending.

INCARCERATION EXCEEDS LIKELY SENTENCE IF CONVICTED

Ms. Williams' effort to obtain pre-trial release has become increasingly urgent because, with the passage of time, she is now not only detained on a pre-trial basis when she ought not be, but she is being detained for a period of time that would likely exceed a sentence in this case if she were convicted.

Of course the Court does not know presently the outcome of the suppression motion, or whether, regardless of that outcome, Ms. Williams will ultimately be convicted in this case of the crimes with which she is charged.  But even if she is found guilty and stands before the Court for sentencing by the fastest track possible, the result using a most-likely-scenario would be that she is incarcerated for a longer period in total than the combined federal and state sentences would require.

6

A reasonable (and not even worst case scenario) timeline forecast might be as follows, assuming: that the suppression hearing goes forward as planned; that she loses; and that she pleads guilty rather than going to trial. Sentencing in that scenario would likely occur, at best, in late October. At that point, Ms. Williams would have been incarcerated for 23 months. The government will likely take the position (and the sentencing court may agree) that those 23 months do not apply to a sentence for aggravated identity theft, because the applicable statute (18 USC § 1028A) requires a 24-month consecutive mandatory minimum which commences only upon entry of the judgment, and that pre-trial incarceration cannot be applied to it because she is technically currently serving a state sentence.[4] It is true that there are other charges pending against Ms. Williams other than aggravated identity theft, to which her pre-trial time might apply, but a reasonable pre-estimate of a sentence on that charge is only about 18 months. Under this scenario, therefore, Ms. Williams would have served some 5 months longer in total than a combination of her Mississippi and federal sentences.

The foregoing scenario is not unreasonable or extreme. In fact, it would presuppose that she gives up her right to trial. If she puts the government to its burden, and is still found

---

[4] Of course, as noted above, she ought not be serving a state sentence any longer, but she is, because she's not on parole, and she's not on parole because she has been held on the writ past her earliest opportunity to attend a parole hearing and qualify for parole. Since 2/29/16 she is not on federal time, but on excessive state time.

guilty, then the lost time would most likely be even greater, because the time to sentencing would be substantially longer.

Moreover, there are several factors (relevant under 18 USC § 3553) that demonstrate how egregiously disproportionate the consequences of alleged conduct have already been, to Ms. Williams.  One, Ms. Williams' Mississippi case is not unrelated, but is alleged by the government to be part of what she is charged with in the instant case.  The government would point out that the Mississippi case technically involves one transaction rather than the several which are the subject of the instant case, but otherwise she is just charged twice with the same thing.

Two, in Mississippi Ms. Williams was sentenced to 5 years imprisonment (parole-eligible after 15 months) for what amounted to passing a bad check.[5]  She has already more than served that time.

Three, under the government's theory, there were a few people who set up the enterprise and made money from it, and several, including Ms. Williams, whose role was only to go out and cash checks that were provided to them.  The evidence will not support an inference that Ms. Williams even knew they were real checks, if they were.  Although the government argues that

---

[5] In the immortal words of the philosopher Johnny Cash, "you don't go writing hot checks down in Mississippi."

it can squeeze this fact scenario into the crime of aggravated identity theft, it's really just passing bad checks.

Four, Ms. Williams has no criminal history whatsoever, prior to the arrest in this case. She was almost 40 years old at the time. She has had a stable work history. She is a long-time resident of Georgia, within the district of this Court. She has four young children at home. Her husband Brian Hightower is locked up on this case, so he's not available to care for their children. Her oldest child (who just turned 18) is utterly innocent but has had to prematurely take up the mantle of adulthood, caring for her younger siblings. The toll on this family is crushing, and Ms. Williams is very well aware of that, so the impact of this unfair situation is crushing to her, too.

## CONCLUSION

Ms. Williams submits that the year-long hold of her on writ, while she has not been convicted of the crime the government charges her with, implicates her Fifth Amendment right to due process. It cannot be said that she has had the benefits of the process that is due. It further implicates her Sixth Amendment right to speedy trial. Her continued incarceration in this situation violates her Constitutional rights and she should have immediate relief.

This 22nd day of April, 2016.

/s/ *Albert Norton, Jr.*
Albert Norton, Jr.
Georgia Bar No. 546760

Norton & Associates, PC
Suite 6304
1000 Peachtree Ind. Blvd.
Suwanee, GA  30024
770 623 3332
anorton@nortonlegal.com

10

```
            IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION
```

UNITED STATES OF AMERICA    )
                            )    Criminal File No.
V.                          )
                            )    15 CR 082 TCB LTW
ANGELA WILLIAMS             )
_____)

## **CERTIFICATE OF SERVICE**

I certify that I served the foregoing ANGELA WILLIAMS' MOTION FOR IMMEDIATE RELEASE by ecf and by mail addressed to:

**Christopher Bly**
U.S. Attorneys Office - ATL
600 Richard Russell Building
75 Ted Turner Drive
Atlanta, GA 30303

On the 22nd day of April, 2016.


/s/ *Albert Norton, Jr.*
Albert Norton, Jr.
Georgia Bar No. 546760

Norton & Associates, PC
Suite 6304
1000 Peachtree Ind. Blvd.
Suwanee, GA  30024
770 623 3332
anorton@nortonlegal.com

11